UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Craig Vestal | § § § § | |
| | § | Civil Action No. |
| v | § § | 5:20-cv-14 |
| | § § § | |
| First National Collection Bureau, Inc. and LVNV Funding, LLC | § § § § § | |

Complaint

_____

Introduction

1. The Fair Debt Collection Practices Act was enacted to stop debt collectors from harassing, abusing, and making misrepresentations to and about consumers. Congress found that these practices led to the job loss, the number of personal bankruptcies, invasions of privacy, and marital disharmony.

2. The FDCPA prohibits a debt collector from making false and or misleading representations in the course of collecting a debt including but not limited to: misrepresenting the character, amount, or status of a debt, 15 U.S.C. § 1692e(2)(a); threatening to take an action that cannot be taken, or is not intended to be taken, 15 U.S.C. § 1692e(5); and the use of any false representation in collecting a debt, 15 U.S.C. § 1692e(10).

3. A debt buyer can be vicariously liable for the acts of a debt collector that it retains to collect a debt. Circuit and district courts around the country and within the 5th Circuit have held debt collectors responsible for their agents in collecting debts. *See McWilliams v. Advanced Recovery Sys., Inc.*, 174 F. Supp. 3d 936, 942 (S.D. Miss. 2016) (quoting *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 404 (3d Cir. 2000)); *see also Janetos v. Fulton Friedman & Gullace, LLP*, 825 F.3d 317, 325 (7th Cir. 2016); *Hordge v. First Nat'l Collection Bureau, Inc.*, CIVIL ACTION NO. 4:15-CV-1695, at *9 (S.D. Tex. Aug. 7, 2018).

4. Plaintiff brings this action for Defendants violations of the FDCPA and seeks actual damages, statuary damages, attorney's fees, and costs.

Jurisdiction & Venue

5. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

6. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

Parties

7. Plaintiff, Craig Vestal, is a natural person who resides in and has resided in San Antonio, Bexar County, Texas at all times relevant to this action.

8. Defendant, First National Collection Bureau, Inc., upon information and belief is a corporation organized under the laws of the State of Nevada. The primary place of business is located at 50 W. Liberty St. Ste 250 Reno, NV, 89501. Service of Process upon First National Collection Bureau, Inc. may be had by serving its Registered Agent for Service of Process, Corporation Service Company d/b/a CSC-Lawyers INCO, located at 211 E. 7th Street, Suite 620 Austin, Texas 78701, or wherever they may be found.

9. Defendant, LVNV Funding, LLC, is a Delaware Corporation located at 200 Meeting St. Ste 206 C/O Sherm. Cap Mkts Charleston, SC 29401. Service of Process upon LVNV Funding, LLC may be had by serving its Registered Agent for Service of Process, CSC-Lawyers Incorporating Service Company, located at 211 E. 7th Street Suite 620 Austin, Texas 78701.

Facts

10. FNCB regularly collects, and attempts to collect, defaulted debts which were incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of others using the U.S. Mail, telephone, and internet.

11. The principal purpose of FNCB is the collection of such debts.

12. The Debt is a defaulted debt that Vestal used for personal, family, and household purposes (the "Debt").

13. In or about 2010 Vestal was sued by LVNV in an effort to collect the Debt.

14. LVNV was awarded a judgment of approximately $4,500.

15. LVNV filed an abstract of judgment in the Bexar County property records.

16. In 2019 Vestal wanted to sell his house. He ran into problems in the sales process because of the abstracted judgment.

17. He found out that FNCB held the debt and arranged to settle the debt in exchange for release of the judgment.

18. On or about August 9, 2019 Vestal paid the agreed amount. Upon payment FNCB generated a letter stating that the "account is now satisfied in full."

19. A true and correct copy, with redactions per Fed. R. Civ. P. 5.2 is attached as Exhibit A.

20. On or about August 16, 2019 FNCB sent Vestal a letter stating a judgment against him had been placed in their office by LVNV.

21. This letter identified the Debt as the same one in Exhibit A.

22. A true and correct copy of the August 16, 2019 letter is attached, with redactions required by Fed. R. Civ. P. 5.2, as Exhibit B.

First Cause of Action – Fair Debt Collection Practices Act against FNCB

23. FNCB is a debt collector as defined by 15 U.S.C. § 1692a(6).

24. The Debt is a debt as defined by 15 U.S.C. § 1692a(5).

25. Vestal is a consumer as defined by 15 U.S.C. § 1692a(3).

26. The August 16 letter is a communication as defined by 15 U.S.C. § 1692a(2).

27. FNCB violated in the FDCPA in that it:

28. Made false or misleading representations in violation of 15 U.S.C. § 1692e;

    a. Made a false representation of the character, amount, or legal status of the debt in violation of 15 U.S.C. § 1692e(2)(a);
    b. Threatening to take an action that cannot be taken or is not intended to be taken in violation of 15 U.S.C. § 1692e(5);
    c. Used a false representation or deceptive means to collect a debt in violation of 15 U.S.C. § 1692e(10); and
    d. Attempted to collect an amount not authorized by an agreement in violation of 15 U.S.C. § 1692f(1).

Second Cause of Action – Fair Debt Collection Practices Act against LVNV

29. LVNV is a debt collector as defined by 15 U.S.C. § 1692a(6).

30. The Debt is a debt as defined by 15 U.S.C. § 1692a(5).

31. Vestal is a consumer as defined by 15 U.S.C. § 1692a(3).

32. The August 16 letter is a communication as defined by 15 U.S.C. § 1692a(2).

33. LVNV violated in the FDCPA in that it placed a fully satisfied debt for collection with FNCB, a third party debt collector in violation of 15 U.S.C. § 1692e(2)(A).

Jury Demand

34. Plaintiff demands this case be tried before a jury.

Prayer for Relief

Plaintiff prays, that this Court enter judgment against Defendants and in favor of Plaintiff for:

a. Actual damages per 15 U.S.C. § 1692 k(a)(1);
b. Statutory damages per 15 U.S.C. § 1692k(a)(2); and
c. Attorney's fees, costs, and litigation expenses per 15 U.S.C. § 1692 k(a)(3).

Dated: January 7, 2020                Respectfully Submitted,

/s/William M. Clanton
William M. Clanton
Texas Bar No. 24049436

Law Office of Bill Clanton, P.C.
926 Chulie Dr.
San Antonio, Texas 78216
210 226 0800
210 338 8660 fax
bill@clantonlawoffice.com